105 F.3d 649
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Byron Carlton CUMBER, Defendant-Appellant.
 No. 96-6788.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 24, 1996.
Decided Jan. 10, 1997.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CR-88-26, CA-96-48-7-BR)
 Bryon Carlton Cumber, Appellant Pro Se.
 Charles Edwin Hamilton, III, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, NC, for Appellee.
 E.D.N.C.
 APPEAL DISMISSED.
 Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Byron Carlton Cumber filed this motion pursuant to 28 U.S.C. § 2255 (1994), amended by Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, attacking the revocation of his term of supervised release. Upon revocation, the district court sentenced Cumber to twenty-four months imprisonment consecutive to a state sentence he was serving, and ordered all restitution due. This Court affirmed the revocation on appeal. United States v. Cumber, No. 95-5024 (4th Cir. Sept. 25, 1995) (unpublished). In this § 2255 proceeding, Cumber raises four challenges to the original sentence and revocation of supervised release. We find merit in none of them.
 
 
 2
 Cumber attacks the original sentence on nonconstitutional grounds. We decline to review these claims in a collateral attack, as they do not raise a fundamental defect resulting in a miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979). His allegation that the sentence imposed on revocation of supervised release violates the Double Jeopardy Clause lacks merit, as supervised release and its revocation are all part of the punishment for the original offense. United States v. Woodrup, 86 F.3d 359, 362 (4th Cir.), cert. denied, --- U.S. ----, 65 U.S.L.W. 3294 (U.S. Oct. 15, 1996) (No. 96-6025).
 
 
 3
 We do not find that Cumber's sentence was excessive, as it was well within the bounds set forth in 18 U.S.C.A. § 3583(e)(3) (West Supp.1996), and U.S.S.G. § 7B1.3 (1995). In addition, the district court properly clarified the ambiguous oral judgment by stating in the judgment and commitment order that the sentence would be served consecutive to the state sentence Cumber was serving, as required by U.S.S.G. § 7B1.3(f).
 
 
 4
 Therefore, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 DISMISSED